**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | **Case No. 11-40885** |
| **HIGHLAND ESTATES LIMITED** | ) | **Honorable Carol A. Doyle** |
| **PARTNERSHIP I,** | ) | |
| | ) | |
| **Debtor.** | ) | |

## NOTICE OF MOTION

    PLEASE TAKE NOTICE that on **May 31, 2012, at 10:00 a.m.**, we shall appear before the **Honorable Carol A. Doyle,** in **Courtroom 742,** of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead, to present the attached **EMPIRE TAX FUND I LLC'S MOTION TO AMEND FINAL PRETRIAL ORDER AND BIFURCATE THE COMBINED HEARING ON THE ADEQUACY OF DISCLOSURE STATEMENT AND COFIRMATION OF PLAN**, at which time and place you may appear if you so desire.

Dated: May 25, 2012

                                                    **EMPIRE TAX FUND I LLC**

                                                    By: /s/ *Kimberly Bacher*
                                                        One of its attorneys

Robert M. Fishman (#3124316)
Kimberly Bacher (#6285677)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile

## CERTIFICATE OF SERVICE

Kimberly Bacher, an attorney, hereby certifies that she caused a true copy of the **EMPIRE TAX FUND I LLC'S MOTION TO AMEND FINAL PRETRIAL ORDER AND BIFURCATE THE COMBINED HEARING ON THE ADEQUACY OF DISCLOSURE STATEMENT AND COFIRMATION OF PLAN** to be served upon the parties listed below via the Court's CM/ECF noticing system, on this 25th day of May 2012.

*/s/ Kimberly Bacher*

## Mailing Information for Case 11-40885

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Kimberly A Bacher    kbacher@shawgussis.com
- Robert M Fishman    rfishman@shawgussis.com
- Jonathan D. Golding    jgolding@goldinglaw.net
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | **Case No. 11-40885** |
| **HIGHLAND ESTATES LIMITED** | ) | **Honorable Carol A. Doyle** |
| **PARTNERSHIP I,** | ) | |
| | ) | |
| **Debtor.** | ) | |

### EMPIRE TAX FUND I LLC'S MOTION TO AMEND FINAL PRETRIAL ORDER AND BIFURCATE THE COMBINED HEARING ON THE ADEQUACY OF DISCLOSURE STATEMENT AND COFIRMATION OF PLAN

Empire Tax Fund I LLC ("Empire"), hereby requests the entry of an order (the "Motion") (i) amending the Final Pretrial Order (the "Pretrial Order") entered by this Court on May 24, 2012 [Docket No. 80] and (ii) bifurcating the hearing on the adequacy of Highland Estates Limited Partnership I's (the "Debtor") Disclosure Statement (the "Disclosure Statement") and confirmation of the Debtor's Plan of Reorganization (the "Plan"). In support of this Motion, Empire respectfully states as follows:

1. On May 21, 2012, Empire filed a motion (the "Motion to Amend") seeking the entry of an order amending the Order and Notice of Hearing on Adequacy of Disclosure Statement and Conformation of Plan and Fixing Time for Filing Objections, Acceptances or Rejections of Plan Combined with Notice Thereof (the "Scheduling Order") entered by this Court on April 30, 2012 [Docket No. 71].

2. Pursuant to the Scheduling Order, this Court, *inter alia*, set a combined hearing on the adequacy of the Disclosure Statement and confirmation of the Plan for May 31, 2012 at 10:30 a.m. (the "Confirmation Hearing").

3. In the Motion to Amend, Empire sought the entry of an order from this Court requiring the *Debtor* to provide notice of any evidence and witnesses it intends to submit in

{10304-001 MOT A0319055.DOC 2}

connection with the Confirmation Hearing.

4. On May 22, 2012, Empire filed an Objection to the Adequacy of the Disclosure Statement (the "Disclosure Statement Objection") and an Objection to the Plan (the "Plan Objection").

I. **The Confirmation Hearing Should Be Bifurcated**.

5. Before the Disclosure Statement is approved, this Court is obligated to determine that it contains "adequate information." *In re Unichem Corp.,* 72 B.R. 95 (Bankr. N.D. Ill. 1987) ("Determination of the adequacy of the disclosure statement, and therefore, approval of it, is within the sound discretion of the bankruptcy court and is to be determined on a case by case basis.") (citations omitted). As set forth in the Disclosure Statement Objection, the Disclosure Statement does not contain adequate information as required pursuant to 11 U.S.C. § 1125(a)(1).

6. This Court scheduled a combined hearing on the adequacy of the Disclosure Statement and confirmation of the Plan. However, in light of the serious factual and legal hurdles that Empire identified in the Disclosure Statement Objection, Empire should not be required to incur legal fees and expenses in preparing for a hearing on confirmation of the Plan until it is determined by this Court that the Disclosure Statement contains adequate information as required pursuant to 11 U.S.C. § 1125(a)(1).

7. Accordingly, Empire requests that this Court enter an order bifurcating the combined hearing on the adequacy of the Disclosure Statement and confirmation of the Plan.

II. **This Court Should Amend the Pretrial Order.**

8. As the proponent of the Plan, the Debtor has the burden of proving by a preponderance of evidence that the Plan complies with statutory requirements for confirmation. *In re Repurchase*, 332 B.R. 336, 342 (Bankr. N.D. Ill. 2005) (citing *U.S. v. Arnold & Baker*

*Farms (In re Arnold & Baker Farms)*, 177 B.R. 648, 654-55 (9th Cir. BAP 1994)).  Accordingly, it should be the Debtor's burden, and not that of Empire, to submit the information requested in the Pretrial Order.

9.  Following the hearing on the Motion to Amend, this Court entered the Pretrial Order.  Paragraph 1 of the Pretrial Order requires that the Debtor and Empire, jointly, submit "[a] brief statement of the theory of each claim and each defense… [a] statement of stipulated facts in numbered paragraphs… [a] a statement of numbered paragraphs setting out the material facts which are in dispute."

10.  First, the information requested in the Pretrial Order is not appropriate for a contested matter on the adequacy of the Disclosure Statement and confirmation of the Plan.  This is not a plaintiff/defendant situation and there are not specific claims and defenses.  Rather, the Debtor filed the Disclosure Statement, which Empire argues in the Disclosure Statement Objection is seriously inadequate.

11.  Second, one of the many issues that Empire has with the Disclosure Statement is not that there are necessarily facts in dispute, but that there is no evidence to support most of the facts asserted in the Disclosure Statement.  It is the Debtor's burden to provide sufficient facts in the Disclosure Statement to support its Plan, not Empire's burden.

12.  Third, Empire should not be required to incur legal fees and expenses in preparing statements required in the Pretrial Order in light of the seriously inadequate Disclosure Statement filed by the Debtor.  The Debtor prepared and filed a Disclosure Statement that is lacking in basic details and facts.  It would be inappropriate for Empire to incur legal fees and expenses, in addition the significant legal fees and expenses already incurred in addressing the issues with the Disclosure Statement and Plan, before the Debtor is required to address the issues raised by

Empire in the Disclosure Statement Objection.

13. Accordingly, Empire requests that the Pretrial Order be amended to reflect that the Debtor should be required to submit certain information before this Court in connection with the hearing on the adequacy of the Disclosure Statement.

14. Notice of this Motion has been given to: (a) the United States Trustee for the Northern District of Illinois; and (b) parties requesting notice or having filed a notice of appearance. Empire submits that, in light of the nature of the relief requested, no further notice should be required.

WHEREFORE, Empire respectfully request that this Court enter an order amending the Pretrial Order as requested herein and bifurcating the Confirmation Hearing and granting further relief as is just and to which Empire may be entitled under the circumstances.

Dated: May 25, 2012                                                     **EMPIRE TAX FUND I LLC**

                                           By: /s/ *Kimberly Bacher*
                                              One of its attorneys

Robert M. Fishman (#3124316)
Kimberly Bacher (#6285677)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151 telephone
(312) 980-3888 facsimile