## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| HIGHLAND ESTATES LIMITED | ) | |
| PARTNERSHIP I, | ) | Case No. 11-40885 |
| | ) | |
| Debtor | ) | |
| | ) | Hon. Carol A. Doyle |
| | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Wednesday, June 5, 2013, at the hour of 10:00 a.m., I shall appear before the Honorable Carol Doyle, or any judge sitting in her stead, in Courtroom 742 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois and then and there present REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE CLOSING CASE, which is attached.

Respectfully submitted,

/s/Richard N. Golding
Richard N. Golding
Attorney for the Debtor

Richard N. Golding, Esq. (ARDC# 0992100)
Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7885
Fax: (312) 755-5720
Email: rgolding@goldinglaw.net

STATE OF ILLINOIS )
)
COUNTY OF COOK )

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that he caused a copy of the Reorganized Debtor's Motion For Final Decree Closing Case with attached proposed order to be filed with the Clerk of the U. S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system on this 30th day of April, 2012, to registered parties by ECF and by mailing postage pre-paid with the U. S. Post Office at 500 N. Dearborn Street, Chicago, IL 60654 to the following parties:

                /s/Richard N. Golding

| | | |
|---|---|---|
| Ameritech<br>PO Box 4520<br>Carol Stream, IL 60197 | AT&T Mobility<br>PO Box 6463<br>Carol Stream, IL 60197 | Citizen's Gas<br>PO Box 7055<br>Indianapolis, IN 46207 |
| Citizen's Water<br>PO Box 1220<br>Indianapolis, IN 46206-1220 | City of Indianapolis<br>1660 City Co. Bldg. Flr. 16<br>200 E. Washington Street<br>Indianapolis, IN 46204 | Comcast<br>PO Box 3005<br>Southeastern, PA<br>19398-3002 |
| David Goldman<br>24675 N. Gilmer Road<br>Hawthorn Woods, IL 60047 | Don Schaffer<br>CJBS<br>2100 Sanders Road, Ste. 200<br>Northbrook, IL 60062-6141 | First Midwest Bank<br>300 Park Blvd, Ste 400<br>Itasca, IL 60143 |
| Goldman Management Co.<br>24675 N. Gilmer Road, Suite 300<br>Hawthorn Woods, IL 60047 | Health & Hospital Corp.<br>Marion County Health Dept.<br>3838 N. Rural St. Ste. 520<br>Indianapolis, IN 46205 | Indiana Dept. of Health<br>Cashier's Office<br>2 North Meridian<br>Indianapolis, IN 46204 |
| Indiana Dept. of Revenue<br>PO Box 0595<br>Indianapolis, IN 46206 | Indiana Dept. of Workforce<br>PO Box 7054<br>Indianapolis, IN 46207 | Indiana Sec. of State<br>PO Box 7097<br>Indianapolis, IN 46207 |

| | | |
|---|---|---|
| Indianapolis Power & Light<br>PO Box 110<br>Indianapolis, IN 46206 | Indianapolis Water Co.<br>1220 Waterway Blvd.<br>Indianapolis, IN 46206 | Jeffrey Hepworth<br>4065 S. Rybolt Ave.<br>Indianapolis, IN 46221 |
| Joe Milburn<br>7366 N. Lincoln Ave., Ste. 206<br>Lincolnwood, IL 60712 | Leslie's Pool Supplies IN<br>PO Box 501162<br>Saint Louis, MO 63150 | Marion County<br>Div. of Public Health<br>3838 N. Rural St., 5th Flr.<br>Indianapolis, IN 46205 |
| Marion County Stormwater Management<br>Payment Processing<br>PO Box 1990<br>Indianapolis, IN 46206 | Marion County Treasurer<br>200 E. Washington Street, Ste. 1001<br>Indianapolis, IN 46204 | Worker Training Fund<br>PO Box 6285<br>Indianapolis, IN 46206 |
| Southern Scavenger Serv.<br>4467 West County Line Road<br>Greenwood, IN 46142 | | Uzelac & Assoc. Inc.<br>870 Eastport Ctr. Dr.<br>Ste. 200<br>Valparaiso, IN 46383 |

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| HIGHLAND ESTATES LIMITED ) | |
| PARTNERSHIP I,[1] ) | Case No. 11-40885 |
| ) | |
| Debtor ) | |
| ) | Hon. Carol A. Doyle |
| ) | |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A**
**FINAL DECREE CLOSING CASE**

Reorganized debtor Highland Estates Limited Partnerhip I, (the "*Reorganized Debtor*"), by and through its undersigned counsel, hereby moves this Court (this "*Motion*") for entry of a final decree, substantially the form attached hereto (the "*Proposed Final Decree*"). In support of this Motion, the Reorganized Debtor respectfully states as follows:

Jurisdiction

*1.*     The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

*2.*     Venue in this Court is proper under 28 U.S.C. § 1408.

*3.*     The statutory bases for the relief requested herein are section 350 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the *"Bankruptcy Code"),* Rule 3022 of the Federal

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number are: 3469. The location of the Reorganized Debtor's corporate headquarters is 24675 Gilmer Road, Suite 300, Hawthorn Woods, Illinois 60047.

4

Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"),* and Rule 3022-1 of the Local Bankruptcy Rules of this Court (the *"Local Rules").*

Background

I.     The Chapter 11 Case and Confirmation of the Plan

*4.*     On October 7, 2011 (the *"Petition Date"),* the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Reorganized Debtor continued in the management and possession of its business as debtor in possession throughout this chapter 11 case. No trustee or examiner has been appointed in this chapter 11 case. No committee has been appointed or designated.

*5.*     On December 3, 2012, the Court entered an order [Docket No. 138] (the *"Confirmation Order")* that, among other things, confirmed the *Modified Plan of Reorganization of Highland Estates Limited Partnership I Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 132] (the *"Plan").*[2] In accordance with the terms of the Plan, the Plan became effective on December 13, 2012 (the *"Effective Date"),* and the Reorganized Debtor caused notice of the occurrence of the Effective Date to be served on all creditors and parties in interest in this chapter 11 case.[3]

II.    Status of the Chapter 11 Case

---

[2] Capitalized terms used as defined terms herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

[3] *See Order Confirming Plan* [Docket No. 138].

6. Since the Effective Date, the Reorganized Debtor has worked diligently to implement the Plan and conclude this chapter 11 case. The following provides the status of the chapter 11 case and distributions under the Plan.

7. *Implementation of the Plan.* On the Effective Date, among other things, all property of the chapter 11 estate vested in the Reorganized Debtor pursuant to Article 5.1 of the Plan. The Reorganized Debtor has emerged from chapter 11 protection and has continue to operate its business and manage its property in the ordinary course.

8. *Sale to Third Party.* The Reorganized Debtor has completed the sale of substantially all of its remaining assets, including real estate, to Jaffa Parks LLC.

9. *Administrative Claims, Priority Tax Claims, and u.s. Trustee Statutory Fees.* The Reorganized Debtor has paid, and continues to pay, all Administrative Claims and the U.S. Trutee's fees as and when those amounts come due.

10. *Cure Claims.* No Cure Claims are required to be paid pursuant to the Plan.

11. *Class 1 Secured Claim of 1st Midwest Bank.* Full payment on the secured claim of 1st Midwest Bank has been paid directly to 1st Midwest Bank by Jaffa Parks LLC pursuant to the terms of the sale of the Reorganized Debtor's assets to Jaffa Parks LLC. 1st Midwest Bank has released its lien upon the real estate formerly owned by the Reorganized Debtor.

12. *Class 2 Secured Claim of The Indiana Department of Revenue.* The full payment on the secured claim of The Indiana Department of Revenue has been paid directly to The Indiana Department of Revenue by Jaffa Parks LLC pursuant to the terms of the sale of the Reorganized Debtor's assets to Jaffa Parks LLC.

  *13.* *Class 3 General Unsecured Claims.* The Reorganized Debtor has made the first quarterly payment to General Unsecured Creditors as required under the Plan and shall make future quarterly payments as required under the Plan.

  *14.* *Class 4 Equity Claims.* Pursuant to the Plan, Class 4 Equity Interests are not entitled to a distribution.

Relief Requested

  *15.* By this Motion, the Reorganized Debtor respectfully requests that this Court issue a final decree substantially in the form of the Proposed Final Decree closing this chapter 11 case pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022.

Basis for Relief

I. Standard for Closing a Chapter **11** Case

  *16.* Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 V.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

  *17.* The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Ru1e3022,however, set forth the following non-exclusive list of factors to be considered to determine whether a case has been

fully administered: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been transferred; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters and adversary proceedings have been finally resolved.

*18.* These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that open related adversary proceedings, for example, should not be enough to prevent closure of a bankruptcy case. *See, e.g., In re IMP-Newcor Inter 'I, Inc.,* 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (Barliant, J.) (where the only matters remaining are certain disbursements and an adversary proceeding, case can be closed); *In re McClelland,* 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) (if an estate is otherwise fully administered, one adversary proceeding should not delay closing case); *In re Union Home & Indus., Inc.,* 375 B.R. 912, 918 (lOth Cir. BAP 2007) (same). Courts have also found that it is not necessary to complete a final distribution under a plan of reorganization to close a case. *See, e.g., JMP-Newcor Inter 'I,* 225 B.R. at 465; *Jay Bee Enters.,* 207 B.R. 536,538 (Bankr. E.D. Ky. 1997).

II.     It Is Appropriate to Close the Chapter **11** Case.

*19.* The Reorganized Debtor's estate has been fully administered with in the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the chapter 11 case. The confirmation order became final and non-appealable on or about

March 7, 2012. Moreover, the Plan has been substantially consummated: (a) the Reorganized Debtors have received the property to which they are entitled under the Plan; (b) the Reorganized Debtors have assumed the business and management of that property; and (c) the Reorganized Debtors have established the Plan Escrow and have made the other distributions called for under the Plan.

20.    Moreover, leaving the chapter 11 case open will cause the Reorganized Debtors to incur substantial quarterly U.S. Trustee fees. *See* 28 U.S.C. § 1930. If the chapter 11 case is not closed, the Reorganized Debtor will be required to continue paying quarterly fees to keep the case open. These quarterly fees are a significant burden upon the Reorganized Debtor and (given the status of the chapter 11 case) are an inefficient use of resources. Accordingly, there is ample justification for entry of a final decree closing the chapter **11** case at this time.

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter a final decree substantially in the form of the Proposed Final Decree (a) closing this chapter 11 case and (b) granting such other and further relief as this Court deems appropriate.

Dated: April 30, 2013.

Respectfully submitted,

By: /s/ Richard N. Golding
Richard N. Golding
Attorney for Highland Estates
Limited Partnerhip I

Richard N. Golding (ARDC 992100)
The Golding Law Offices, P.C.
500 N. Dearborn Street, 2nd FL
Chicago, IL 60610
T: (312) 832-7885
F: (312) 755-5720